## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## IN ADMIRALTY

| | |
|---|---|
| Dean Miltiadis and Juliya Micevski | * |
| *Plaintiffs* | * |
| v. | * |
| | *   Case No. 0:16-cv-62030-CMA |
| M/Y "Lucky Star", *in rem;* | * |
| *Defendant* | * |

## ANSWER OF
## CLAIMANT LUCKY STAR ENTERPRISES LTD

Claimant Lucky Star Enterprises, LTD, through undersigned counsel, hereby submits its Answer and affirmative and other defenses to Plaintiffs' Complaint, as follows:

## ANSWER

1. The allegations in Paragraph 1 contain legal conclusions, characterizations, speculations, and statements of Plaintiff's intent as to which no response is required.  To the extent a response is required, Claimant denies that federal question jurisdiction exists and notes that Plaintiffs fail to cite the federal statute upon which they invoke federal question jurisdiction.

2. The allegations in Paragraph 2 contain legal conclusions, characterizations, speculations, and statements of Plaintiff's intent as to which no response is required.  To the extent a response is required, Claimant denies Paragraph 2.

3. Admit.

4. The allegations in Paragraph 4 contain legal conclusions, characterizations, and speculations as to which no response is required.

5. The allegations in Paragraph 5 contain legal conclusions, characterizations, and speculations as to how matters "appear" to Plaintiffs, and as such no response is required.

6. The allegations in Paragraph 6 contain legal conclusions, characterizations, and speculations as to how matters "appear" to Plaintiffs, and as such no response is required.

7. The allegations in Paragraph 7 contain legal conclusions, characterizations, and speculations as to how matters "appear" to Plaintiffs, and as such no response is required.

8. The allegations in Paragraph 8 appear to conflate a motor vessel with a corporate entity; to the extent the M/V Lucky Star is not a corporate entity it has no managing director, and the allegations of Paragraph 8 are to that extent denied. Admitted that the signatures in Plaintiffs' Composite Exhibits "1" and "2" to the Amended Verified Complaint, are authentic.

9. The allegations in Paragraph 9 contain legal conclusions, characterizations, and speculations as to which no response is required.

10. Admitted that the *in rem* Defendant Yacht is, and was at all material times, owned by Lucky Star Enterprises, LTD. The remaining allegations of Paragraph 10 contain legal conclusions, characterizations, and speculations as to which no response is required.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

-3-

15. Admitted that Plaintiffs utilized those documents included in Plaintiffs' Composite Exhibit "1" to enter the United States. Denied that such documents constitute "Employment Letters" or "Letters of Commitment", or that Plaintiffs worked as "seafarers".

16. The allegations in Paragraph 16 contain legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, denied.

17. Deny.

18. Admit.

19. Deny.

20. Deny.

21. Admit.

22. Admit.

23. The allegations in Paragraph 23 contain legal conclusions, characterizations, and speculations as to which no response is required.

24. Deny.

25. Deny.

26. Deny.

27. The allegations in Paragraph 27 contain legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, denied.

28. The allegations in Paragraph 28 contain legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, denied.

29. The allegations in Paragraph 29 contain legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, denied.

30. The allegations in Paragraph 30 contain legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, denied.

31. The allegations in Paragraph 31 contain legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, denied.

32. The allegations in Paragraph 32 contain legal conclusions, characterizations, and speculations as to which no response is required. To the extent a response is required, denied.

33. Any allegation of the Complaint which has not been expressly admitted is denied.

## **AFFIRMATIVE AND OTHER DEFENSES**

Claimant hereby asserts the following affirmative and other defenses, without assuming the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs or any other party. Claimant expressly reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

### **First Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## Second Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## Third Defense

Plaintiffs' claims against are barred, in whole or in part, by the doctrine of accord and satisfaction.

## Fourth Defense

Claimant raises, so as not to waive, all of the defenses contemplated in Rules 8 and 12 of the Federal Rules of Civil Procedure.

## Fifth Defense

Claimant expressly reserves the right to amend its answer and raise any additional defenses, counterclaims, and third-party claims not asserted herein of which he may become aware at any subsequent stage of this action.

## Sixth Defense

Plaintiffs' maritime lien claims are barred where Plaintiffs were engaged in a joint venture concerning the Vessel.

## Seventh Defense

Plaintiffs' claims are barred where Plaintiffs are not and were not seamen to the Vessel.

## Eighth Defense

Plaintiffs' claims are barred where Plaintiffs have been paid, partially or in full, for amounts claimed to be owing, by Claimant or by third parties to this litigation.

## Ninth Defense

Plaintiffs' claims are barred by the doctrine of unclean hands

                                      Respectfully Submitted,

                                      *Christopher R. Fertig*

Christopher R. Fertig
Fertig & Gramling
200 S.E. 13th Street
Fort Lauderdale, FL 33316
954 763 5020
chris.fertig@fertig.com

Todd D. Lochner
*Pro Hac Vice*
(MD Bar No. 25691)
tlochner@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Attorneys for the Claimant*

### Certificate of Service

I, Christopher Fertig, certify that on October 5, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties participating in the CM/ECF system, listed below. There are no parties to this suit not participating in the CM/ECF system.

                *Christopher R. Fertig*

                Christopher Fertig